BENJAMIN B. WAGNER
United States Attorney
MARILEE L. MILLER
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00075-MCE-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $19,970.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On December 18, 2013, agents with the Drug Enforcement Administration ("DEA") contacted West at the Sacramento International Airport in Sacramento, California. Approximately $19,970.00 in U.S. Currency ("defendant currency") was seized from Vanessa West ("West") during this encounter. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about February 7, 2014, the DEA received a claim from West asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on December 18, 2013, agents with the Drug Enforcement Administration ("DEA") received information regarding suspicious travel aboard United Airlines flight 1443 from La Guardia airport in New York City, New York to Sacramento, California. The ticket was

reserved under West's name. DEA Agents observed West depart the jet way and enter the women's bathroom. She exited a few minutes later and proceeded toward the terminal's exit. West was carrying a small carry-on bag and a purse. A DEA Agent, displaying his badge, approached West and asked for permission to speak with her regarding her travel plans. West consented but was evasive when answering questions.

3. The United States could further show at trial that agents asked if they could search West's luggage, and she consented. West's carry-on bag was searched, and several large rubber-banded stacks of cash were located concealed in clothing. When asked how much cash was in the bag, West stated a "couple thousand dollars." West told agents that her "sugar daddy" had given her the money as a gift. West told agents she was a dental hygienist but later stated she was unemployed and her sugar daddy "takes care of her." West said she filed an income tax return in 2012 but does not recall what she claimed as adjusted gross income.

4. The United States could further show at trial that West accompanied the agents to a private room, where agents searched West's purse and found two or three more rubber-banded stacks of cash. When asked again how much cash she was carrying, she changed her story and said $6,000.00. West continued to change her story, saying $9,000.00 and then $11,000.00. A bank count of the cash was $19,970.00. West claimed she had no idea how much cash she had because her sugar daddy, Cody, gave her the stacks of cash at a hotel and at a bar. West claimed that she did not know Cody's last name or have a telephone number for him, but stated he works for a lawyer in New York.

5. The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, Vanessa West specifically denying the same, and for the purpose of reaching an amicable

2

Consent Judgment of Forfeiture

resolution and compromise of this matter agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Vanessa West hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Vanessa West shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $12,470.00 of the Approximately $19,970.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,500.00 of the Approximately $19,970.00 in U.S. Currency shall be returned to potential claimant Vanessa West through her attorney Justin T. Mixon.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the

Consent Judgment of Forfeiture

defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  September 18, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT